IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MCGRIFF INSURANCE SERVICES, INC.**                                                            **PLAINTIFF**

**V.**                                      **CASE NO. 5:22-CV-5080**

**JAMES MADIGAN;**
**ALEXANDER GRAMLING;**
**MELISSA ANN LINDE; and**
**ALLIANT INSURANCE SERVICES, INC.**                                                **DEFENDANTS**

## OPINION AND ORDER

Now before the Court is Defendants' oral motion to receive into evidence selected portions of Alliant Insurance Services, Inc.'s Rule 30(b)(6) deposition testimony, given by and through Tom Adkin, the designated corporate representative. On October 11, 2022, the Court held an evidentiary hearing on a motion for preliminary injunction filed by Plaintiff McGriff Insurance Services, Inc. Toward the end of that hearing, Defendants moved to introduce portions of Mr. Adkin's Rule 30(b)(6) deposition testimony. Mr. Adkin, who is Alliant's Executive Vice President and Director, lives in Atlanta, Georgia. Counsel for Defendants explained that since Mr. Adkin lived very far from court, it was counsel's understanding that McGriff would agree to Mr. Adkin's testimony being presented by deposition. Counsel for McGriff objected, stating McGriff never agreed to that plan and believed that Mr. Adkin would testify live at the hearing, since he was listed on Defendants' witness list. McGriff also correctly noted that Federal Rule of Civil Procedure 32(a)(3) does not permit a party to use its *own* 30(b)(6) testimony in a hearing or at trial. Defendants responded that the deposition excerpts they wished to introduce were, indeed, made from Mr. Adkin's personal knowledge and were therefore admissible.

1

The Court acknowledged from the bench the existence of caselaw that suggested that 30(b)(6) deposition testimony could be presented by a non-adverse party at a hearing "as long as . . . there is support . . . in the record that it's based on [the deponent's] personal knowledge." (Doc. 68, p. 190). The Court directed Defendants to provide their proposed deposition excerpts to McGriff and for McGriff to respond with objections or counter-designations. On October 25, 2022, the parties emailed the Court their position statements regarding Defendants' proposed deposition excerpts. These position statements are attached to this Order as Exhibit 1. The parties also submitted a complete copy of Mr. Adkin's deposition, with Defendants' proffered excerpts highlighted in yellow. McGriff declined to offer any counter-designations.

Defendants contend that the yellow-highlighted designations contain facts known to Mr. Adkin based on his personal knowledge. McGriff categorically objects to all designations and maintains that none of Mr. Adkin's proffered testimony contains a foundation establishing his personal knowledge. The Court reviewed the entirety of the deposition for context and makes the following observations.

First, the transcript clearly reflects that the deposition was noticed pursuant to Rule 30(b)(6) and that Alliant—not Mr. Adkin, personally—was directed to provide its testimony on certain specific topics identified in the notice. Second, Mr. Adkin is a high-ranking executive with direct knowledge of many aspects of the organization and management of Alliant. He therefore saw little need to investigate the company's knowledge, as distinguished from his own, in preparing to address the 30(b)(6) deposition topics. Third, for the most part, the questions asked of Mr. Adkin during his deposition differentiated between his own knowledge and Alliant's knowledge of specific topics.

Viewing all of the above in context, it is apparent to the Court that the bulk of the Defendants' designated passages are based on Mr. Adkin's personal knowledge. The Court acknowledges that McGriff has also categorically objected to the testimony based on relevance, and the Court separately observes that there are some hearsay issues, as well. Nevertheless, Rule 32(a)(4) provides that a party "may use for any purpose the deposition of a witness, whether or not a party, if the court finds" that the witness is unavailable. However, when a party seeks to introduce its own 30(b)(6) deposition testimony at trial "in lieu of live testimony pursuant to Rule 32(a)(4), it may be in conflict with both Rule 32(a)(1)(B) and Federal Rule of Evidence 602." *VIIV Healthcare Co. v. Mylan Inc.*, 2014 WL 2195082, at *2 (D. Del. May 23, 2014). Rule 32(a)(1)(B) allows depositions to be used only "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying," and Federal Rule of Evidence 602, in turn, requires witnesses to testify only on their "personal knowledge."

Thus, if Mr. Adkin had testified live in court for Alliant, he would not have been allowed to testify to matters outside of his personal knowledge, even though the scope of his 30(b)(6) deposition was permissibly broader than that. *See Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010) (finding that a party's 30(b)(6) deponent could not give live testimony on matters outside of his personal knowledge); *Stryker Corp. v. Ridgeway*, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (finding the same and collecting cases); *TIG Ins. Co. v. Tyco Int'l Ltd.*, 919 F. Supp. 2d 439, 454 (M.D. Pa. 2013), *amended* (Apr. 8, 2013) (finding that a party's 30(b)(6) designee "may not testify to matters outside his own knowledge to the extent that information is hearsay not falling within one of the authorized exceptions" (quotation and

alteration omitted)); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791–92 (N.D. Ohio 2010) ("[A] 30(b)(6) designee cannot offer any testimony at trial to the extent that information was hearsay not falling within one of the authorized exceptions." (quotation and alterations omitted)).

In the context of a preliminary injunction hearing, as distinguished from a trial on the merits, many courts recognize their discretion to relax the Rules of Evidence to some degree and consider evidence that would otherwise be inadmissible at trial, including hearsay evidence. This is because "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than a trial on the merits." *Univ. of Tex. v. Caminisch*, 451 U.S. 390, 395 (1981).

Recognizing that a somewhat relaxed application of the Rules of Evidence may be appropriate here, Defendants' oral motion is **GRANTED IN PART AND DENIED IN PART**. The Court will receive most, but not all, of the designated deposition excerpts for the limited purpose of the preliminary injunction hearing. The Court has color-annotated the transcript and attached it to this Order as Exhibit 2. The testimony that has been received into evidence is circled in green highlighter. All designated excerpts marked with pink highlighter have not been considered—either because of speculation or because Mr. Adkin's knowledge is necessarily dependent on hearsay that the Court does not find sufficiently reliable. Finally, the Court will give little weight to the excerpts in which Mr. Adkin's knowledge is most likely based on hearsay (including what he learned from reading the deposition testimony of other witnesses in this case), especially when that hearsay pertains to declarants who testified and were subject to cross-examination at the preliminary injunction hearing.

**IT IS SO ORDERED** on this 4th day of November, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE