IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MCGRIFF INSURANCE SERVICES, INC.**                                                                 **PLAINTIFF**

V.                                            **CASE NO. 5:22-CV-5080**

**JAMES MADIGAN;**
**ALEXANDER GRAMLING;**
**MELISSA ANN LINDE; and**
**ALLIANT INSURANCE SERVICES, INC.**                                                         **DEFENDANTS**

## ORDER

Before the Court is Plaintiff McGriff Insurance Services, Inc.'s Motion to Dismiss (Doc. 64).  McGriff contends that Defendants' Counterclaim (Doc. 63), brought pursuant to a provision of the Arkansas Trade Secrets Act ("ATSA"), is not a standalone cause of action and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

The Counterclaim is titled, "Count One:  Bad Faith Trade Secret Claim."  It purports to a be an independent claim for the right to seek attorney's fees at the close of the litigation.  The ATSA does, in fact, state:  "The court may award reasonable attorneys' fees to the prevailing party if [a] claim of misappropriation is made in bad faith." Ark. Code Ann. § 4-75-607(1). However, this is not a standalone cause of action—and Defendants know it.  They claim in their response to the Motion that they are willing to withdraw their so-called "counterclaim" as long as McGriff agrees to stipulate "that doing so would not prejudice Defendants' right to seek attorneys' fees and costs in the event Defendants prevailed, in whole or in part, in demonstrating that McGriff pursued its trade secret claims in bad faith."  (Doc. 66, p. 4).

1

Obviously, no such stipulation on McGriff's part is needed.  Defendants are permitted by statute to petition for fees *if* they prevail on the merits of McGriff's ATSA claim and *if* Defendants can prove bad faith.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 65) is **GRANTED**, and Defendants' counterclaim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 9th day of December 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE